**WILBUR, Secretary of the Interior, v. MINI-DOKA IRR. DIST.**

No. 5033.

Court of Appeals of District of Columbia.
Argued April 13, 1931.
Decided May 4, 1931.

Petition for Rehearing Denied May 13, 1931.

O. H. Graves and V. H. Wallace, both of Washington, D. C., for appellant.

F. W. Clements, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

MARTIN, Chief Justice.

An appeal from a decree overruling a motion to dismiss plaintiff's bill of complaint for want of equity, and, in the absence of amendment, granting relief to plaintiff as prayed in the bill.

The case arises under the Act of Congress of June 17, 1902 (32 Stat. 388), known as the Reclamation Act. The appellant is the Secretary of the Interior. The appellee, plaintiff below, is the Minidoka Irrigation District, a corporation formed under the provisions of the Reclamation Act.

The reclamation act provides generally that the funds obtained from the sale of public lands in certain western states shall be set aside and appropriated as a special fund in the Treasury to be known as the reclamation fund, to be used in the construction and maintenance of irrigation works for the reclamation of arid lands in such states, and that the cost of each project shall be charged against the lands irrigated, and, as rapidly as such charges shall be paid back by the landowners into the reclamation fund, the money shall be used again for the construction of like works. The act authorizes the Secretary of the Interior to perform any and all acts, and make such rules and regulations as may be necessary and proper for the purpose of carrying the provisions of the act into full force and effect. The Secretary is also authorized by the Act of February 21, 1911, known as the Warren Act, 36 Stat. 925 (43 USCA §§ 523–525), to sell excess water from such storage at charges to be fixed by him; and it is provided by the Act of December 5, 1924, § 4 subsec. J, 43 Stat. 672, 703 (43 USCA § 526), that all moneys or profits as determined by the Secretary derived from the sale or rental of surplus water under the Warren Act shall be credited to the project or division of project to which the construction has been charged.

The bill of complaint filed below sets out that the Secretary of the Interior under authority of the act planned and constructed an irrigation project on Snake river in Idaho, known as the Minidoka project, consisting of a storage dam with canal systems supplying water to the lands within the project, together with a storage dam and reservoir constructed at Jackson Lake, Wyo.; that the land within the project on the north side of Snake river, comprising 71,000 acres, has

been known as the gravity division of the Minidoka project, and now constitutes the Minidoka Irrigation District, while the land on the south side of Snake river, comprising 49,000 acres, has been known as the pumping division of the Minidoka project, and now constitutes the Burley Irrigation District; that the storage dam at Jackson Lake was built at an elevation of 6,752 feet, and the storage capacity thereof, when completed, was approximately 380,000 acre feet, and that the entire cost of its construction, to wit, the sum of $440,424.90, was charged against the two units aforesaid; that afterwards the Secretary of the Interior sold a capacity of 102,-000 acre feet of excess water from the storage dam aforesaid under the Warren Act, supra, and realized therefrom the sum of $429,412.50, which has been deposited in the United States Treasury to the credit of the reclamation fund, and also that rentals for excess water had been collected by the Secretary in the sum of $161,106.65, all of which under subsection J of the Act of December 5, 1924, supra, should have been credited to the two units against which the costs of the construction had been charged, namely the plaintiff and the Burley Irrigation District, but that the Secretary had failed and refused to credit the proceeds as aforesaid, and had wrongfully credited 27.7 per cent. thereof to certain so-called "new divisions," which in fact were not part of the Minidoka project, and had never been charged with any part of the cost of the Jackson Lake dam; that plaintiff appeared before the Secretary and objected to this procedure, but the Secretary had refused to correct the same, wherefore plaintiff prayed for a mandatory injunction requiring the Secretary to credit the entire proceeds aforesaid to the two districts so entitled to them.

In the statement of its case plaintiff appended to the bill of complaint an exhibit entitled Exhibit G, whereby it appeared that plaintiff and the Burley Irrigation District had theretofore filed a joint protest with the Secretary setting out the same demands as those contained in the bill of complaint, that this was heard by the Secretary upon briefs and oral arguments submitted by their counsel, and that the Secretary had held in part as follows: That in fact as appeared from the records the entire cost of the construction aforesaid had not been charged against the two districts as alleged by plaintiff, but that 27.7 per cent. of such costs had been charged against certain "new divisions" the construction of which as a "north side pumping divi-

sion" had been contemplated by the Department since the year 1908, and that accordingly 27.7 per cent. of the proceeds realized from the sale and rental of excess water as aforesaid had been rightfully credited to such "new divisions," leaving the balance of the proceeds to be credited to plaintiff and the Burley Irrigation District, which had been done, and that accordingly the claim of the two districts to be credited with the entire sum so realized had rightfully been denied, and a rehearing afterwards refused.

The motion to dismiss plaintiff's bill of complaint was directed against the entire bill, including the exhibit attached to it. The bill when thus considered consists of two parts—first, a statement of facts upon which the plaintiff relies as a ground for relief; and, second, an exhibit showing that the same statement had theretofore been submitted to the Secretary and by him found to be untrue, and that the Secretary had denied the relief therein sought by plaintiff.

It is clear that the Secretary in the former hearing was acting within his jurisdiction in a quasi judicial capacity, and that the issue presented by the plaintiff in the present bill of complaint was considered and decided by him upon the law and the evidence, that his decision was not arbitrary or capricious, and that the present case is no more than an attempt to appeal from that decision in order to secure a retrial of the same issues of fact and law by a court of equity. Moreover, the remedy which plaintiff seeks is in substance and effect a judgment in mandamus directing the Secretary to act contrary to the facts and law of the case as found by him. Such an appeal will not be entertained by the courts.

In Louisiana v. McAdoo, 234 U. S. 627, 633, 34 S. Ct. 938, 941, 58 L. Ed. 1506, it is said by Mr. Justice Lurton for the court: "There is a class of cases which held that if a public officer be required by law to do a particular thing, not involving the exercise of either judgment or discretion, he may be required to do that thing upon application of one having a distinct legal interest in the doing of the act. Such an act would be ministerial only. But if the matter in respect to which the action of the official is sought is one in which the exercise of either judgment or discretion is required, the courts will refuse to substitute their judgment or discretion for that of the official intrusted by law with its execution. Interference in such a case would be to interfere with the ordinary functions of government." See Work v.

Rives, 267 U. S. 175, 45 S. Ct. 252, 69 L. Ed. 561, and authorities therein cited.

The motion to dismiss the bill for want of merit should have been sustained by the lower court. The decree is therefore reversed, and the cause is remanded for further proceedings not inconsistent herewith.

VAN ORSDEL, Associate Justice, concurs in the judgment.